Cite as 2015 Ark. 32

# SUPREME COURT OF ARKANSAS

No. CV–12–330

| | |
|---|---|
| STEVEN WAYNE BRAMLETT<br>APPELLANT | **Opinion Delivered** January 29, 2015 |
| V. | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. CV-2011-562-5] |
| RAY HOBBS, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br>APPELLEE | HONORABLE JODI RAINES DENNIS, JUDGE<br><br>SUPPLEMENTAL ADDENDUM ORDERED. |

**PER CURIAM**

On October 30, 1979, Appellant, Steven Wayne Bramlett, entered a negotiated plea of guilty to attempted capital murder and was sentenced to life in the Arkansas Department of Correction. The record demonstrates that Bramlett was seventeen years old when he committed this offense.

On October 26, 2011, pursuant to Ark. Code Ann. § 16-111-101, Bramlett filed a pro se complaint for declaratory relief against the Appellee, Ray Hobbs, Director of the Arkansas Department of Correction ("the State") alleging that the parole-eligibility statute, codified at the time of the offense at Ark. Stat. Ann. § 43-2829 (Repl. 1977)[1] was unconstitutional as applied to Bramlett. Bramlett asserts that the application of the parole-eligibility statute to his

---

[1]Ark. Stat. Ann. § 43-2829 is now codified at Ark. Code Ann. § 16-93-604(b)(1) (Repl. 2006).

life sentence is unconstitutional because in *Graham v. Florida*, 560 U.S. 48 (2010), the United States Supreme Court held that the Eighth Amendment prohibits the imposition of life imprisonment without parole for juvenile offenders convicted of nonhomicide offenses. Bramlett appeals from the circuit court's order denying his pro se complaint.

On appeal, Bramlett contends that the circuit court erred (1) in its interpretation of *Graham* as well as the Arkansas homicide statutes, as to what constitutes homicide, and (2) in its decision to grant summary judgment in favor of the State and dismiss the case. In its response brief, the State contends that the circuit court properly granted summary judgment. and cites to the record in its brief, but fails to provide addendum citations.

Rule 4–2(a)(7) requires that "[r]eference in the argument portion of the parties' briefs to material found in the abstract and addendum shall be followed by a reference to the page number of the abstract or addendum at which such material may be found."

Additionally, Rule 4–3(c) of the Rules of the Arkansas Supreme Court, "Briefs in Criminal Cases, Appellee's Brief," provides that

> The appellee shall have 30 days from the filing of the appellant's brief to file 17 copies of the brief with the Clerk and such further abstract and Addendum as may be necessary to a fair determination of the case.

Also, Rule 4–4(b), "Filing and Service of Briefs in Civil Cases. Appellee's Brief–Cross-Appellant's Brief," provides in pertinent part

> The appellee shall file eighteen copies of the appellee's brief, and of any further abstract or addendum thought necessary, within 30 days after the appellant's brief is filed[.]

Finally, Rule 4-7 applies specifically to briefs filed in postconviction and civil appeals where an appellant is incarcerated and proceeding pro se, as is the situation here. *McArty v.*

*Hobbs*, 2012 Ark. 257 (per curiam). Rule 4–7(c)(1)(C) provides that

> [t]he appellant's brief shall contain an Addendum[.] . . . The Addendum shall include true and legible photocopies of the original pleading, order from which the appeal is taken, and the notice of appeal. The Addendum shall also include any other relevant pleadings . . . . If parts of a prior trial or proceeding are important to the understanding of an issue, those parts of the record of that trial or proceeding must be included in the Addendum. . . . The appellee may prepare a supplemental Addendum if material on which the appellee relies is not in the appellant's Addendum.

Here, upon review, the following items are missing from Bramlett's addendum:[2]

1.      The State's Motion to Dismiss filed on December 7, 2011

2.      Bramlett's Response filed on December 20, 2011

3.      The State's Reply filed on January 6, 2012

4.      Bramlett's Response to Reply filed on January 17, 2012

5.      The State's Reply filed on January 20, 2012

Bramlett's addendum is deficient in that he has failed to provide these pleadings. Rule 4–7(c)(3)(C) sets forth the procedure to be followed when an appellant has failed to supply this court with an adequate brief:

> Whether or not the appellee has called attention to deficiencies in the appellant's abstract or Addendum, the Court may address the question at any time. If the Court finds the abstract or Addendum to be deficient such that the Court cannot reach the merits of the case, or such as to cause an unreasonable or unjust delay in the disposition of the appeal, the Court will notify the appellant that he or she will be afforded an opportunity to cure any deficiencies, and has fifteen days within which to file a substituted abstract, Addendum, and brief.

Accordingly, pursuant to Rule 4-7 Bramlett is directed to file a supplemental addendum within fifteen days from the date of this order.

---

[2]The missing items are contained in the record.

Finally, while we order Bramlett to supplement his addendum, we note that the State relies on these pleadings but did not elect to file a supplemental addendum with the documents necessary for a determination of this appeal. Accordingly, we refer to the Committee on Criminal Practice and the Committee on Civil Practice the issue of treating postconviction pro se defendants differently by not requiring the State as an appellee to supplement the addendum when it relies on something that is not in the addendum as is required by this court's rules.

Supplemental addendum ordered.

*Steven Wayne Bramlett*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.